UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHNNIE CHARLES,

               Plaintiff,

       -against-

GOOD SAMARITAN HOSPITAL, et al.,

               Defendants.

25-CV-4968 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is incarcerated at Rockland County Correctional Facility, brings this action *pro se*. Plaintiff asserts claims, under 42 U.S.C. § 1983, for deliberate indifference to his serious medical needs, as well as claims of medical malpractice. Plaintiff sues Good Samaritan Hospital, John or Jane Doe Director, and a John or Jane Doe "license[d] nurse."

By order dated July 25, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1] For the reasons set forth below, the Court denies Plaintiff's application for the Court to request *pro bono* counsel and dismisses the complaint, with 30 days' leave to replead.

### STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

The following facts are drawn from the complaint.[2] On March 19, 2025, officers from the Spring Valley Village Police Department arrested Plaintiff Johnnie Charles. That same day, Plaintiff suffered a panic attack at the police station. He was taken to the emergency room at Good Samaritan Hospital in Suffern, New York, where he received an injection and was eventually discharged to the Rockland County Corrections Center. Plaintiff seems to allege that he should have been retained longer for observation before discharge. At some point, Plaintiff had a hypersensitivity reaction, experiencing impaired respiration and circulation, requiring urgent medical intervention. On the morning of March 20, 2025, Plaintiff was rushed back to Good Samaritan Hospital, where he was resuscitated.

Plaintiff alleges that Defendants failed to provide adequate care, including not promptly providing adrenaline or respiratory assistance. Plaintiff sues Good Samaritan Hospital, John or Jane Doe Director of Good Samaritan Hospital, and John or Jane Doe licensed nurse on duty. Plaintiff seeks damages and injunctive relief.

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

2

**DISCUSSION**

**A.    Deliberate Indifference to Serious Medical Needs**

The Court construes Plaintiff's complaint as alleging that Defendants violated his right to constitutionally adequate medical care. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). As an initial matter, there is a question about whether this private hospital and its employees can be deemed state actors.

"As a general rule, private hospitals do not act under the color of law for § 1983 purposes." *Sykes v. McPhillips*, 412 F. Supp. 2d 197, 200-01 (N.D.N.Y. 2006) (quoting *Doe v. Rosenberg*, 996 F. Supp. 343, 356 (S.D.N.Y. 1998)). The activity of a private entity can be attributed to the state when: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity willfully participates in joint activity with the state, or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The fundamental question under each test is whether the private entity's challenged actions are "fairly attributable" to the state. *Id.* (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

When providing medical care to prisoners, courts have sometimes concluded that the State has delegated its public function of providing healthcare to prisoners to a physician who is not a government employee. *See Sykes*, 412 F. Supp. 2d at 202 ("[H]ospitals and physicians that provide care outside of the prison facility may be held to be state actors when they work pursuant to contract."). There are no facts alleged in the complaint about the nature of the relationship between the Rockland County Corrections Center or Spring Valley Police Department and Good

3

Samaritan Hospital, and it is therefore unclear if Good Samaritan Hospital and its employees were treating Plaintiff in connection with an ongoing delegation of the government's public function of providing medical care to those held in its custody.

Even if the Court assumes, for purposes of this order, that Defendants were acting under color of state law, Plaintiff's allegations are insufficient to state a claim under Section 1983 for a violation of his constitutional rights. To establish a Section 1983 claim for inadequate medical care under the Due Process Clause of the Fourteenth Amendment, a plaintiff must show that defendants were deliberately indifferent to the plaintiff's serious medical condition. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

Deliberate indifference is evaluated under a two-pronged test comprised of both objective and subjective components. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). The objective component of this standard requires that the alleged medical need be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)); *see also Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (noting that standard contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain"). To satisfy the subjective component, a plaintiff who is not a convicted prisoner must allege facts showing "that the defendant-official acted intentionally to impose the alleged condition, or  recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the [plaintiff] even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). A challenge based on the inadvertent or negligent failure to

provide adequate care does not raise a constitutional claim. *See Estelle*, 429 U.S. at 106; *Chance*, 143 F.3d at 703.

### 1.    Licensed Nurse

Plaintiff names as a defendant a John or Jane Doe "license[d] nurse" but does not mention this defendant in the body of the complaint. To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)).

Plaintiff has not pleaded any facts about what Defendant nurse personally did or failed to do. He also has not alleged any facts suggesting that the nurse acted with a sufficiently culpable state of mind, that is, that the nurse intentionally or recklessly failed to act with reasonable care. Plaintiff's Section 1983 claims against Defendant nurse must therefore be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2.    Hospital Director

Plaintiff also brings Section 1983 claims against a supervisory defendant, the Hospital Director. A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

5

Plaintiff does not allege any facts suggesting that John or Jane Doe Hospital Director was personally involved in violating Plaintiff's rights. Instead, Plaintiff alleges only that the Hospital Director "is legally responsible for the overall operation [of] the Good Samaritan Hospital" (ECF 1 at 3), which suggests only that Plaintiff seeks to hold the Director responsible for the actions of subordinates. Plaintiff thus fails to state a claim on which relief may be granted under Section 1983 against John or Jane Doe Hospital Director. 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3.    Good Samaritan Hospital

Even if the Court assumes that Good Samaritan Hospital was acting under color of state law for purposes of a Section 1983 claim, it is not enough for the plaintiff to allege that one of its employees or agents engaged in some wrongdoing. To impose liability on the hospital under Section 1983 for an alleged violation of his constitutional rights, the plaintiff must show that entity itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a Section 1983 claim against an entity acting under color of state law, the plaintiff must allege facts showing (1) the existence of a policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997). Here, Plaintiff has not alleged facts showing that Good Samaritan Hospital has a policy, custom, or practice that caused a violation of his constitutional

rights.[3] Plaintiff thus fails to state a claim on which relief may be granted under Section 1983 against Good Samaritan Hospital, even assuming it was functioning as a state actor. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    State Law Claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))). Plaintiff's state law claims are therefore dismissed without prejudice because the Court declines supplemental jurisdiction of such claims. Accordingly, nothing in this order prevents Plaintiff from pursuing his claims of medical malpractice in state court or other appropriate forum.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

---

[3] At best, Plaintiff's allegations that the medical care that he received did not meet generally accepted standards of care sound in state law.

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege additional facts to cure the defects in his complaint, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing this action.

## CONCLUSION

Plaintiff's claims under 42 U.S.C. § 1983 are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the Court declines under 28 U.S.C. § 1367(c)(3) to exercise supplemental jurisdiction of Plaintiff's state law claims. The Court grant Plaintiff 30 days' leave to replead.

Plaintiff's application for the Court to request counsel (ECF 3) is denied, and the Clerk of Court is directed to terminate the motion.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: February 10, 2026
   New York, New York

               *Louis L. Stanton*
                Louis L. Stanton
                U.S.D.J.